IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY FEEZLE, <br><br> Plaintiff, <br><br> v. <br><br> HERITAGE VALLEY BEAVER t/d/b/a <br> MEDICAL CENTER OF BEAVER, <br> Defendant. | Civil Action No. 14-1632 <br> Judge Nora Barry Fischer |

## ORDER OF COURT

AND NOW, this 5th day of November, 2015, upon consideration of Defendant Heritage Valley Beaver's Motion for Summary Judgment, (Docket No. 22), Brief in Support, (Docket No. 23), Concise Statement of Material Facts, (Docket No. 24), and Appendix, (Docket No. 25), Plaintiff's Response in Opposition, (Docket No. 28), and Response to Concise Statement of Material Facts, (Docket No. 29), and Defendant's Reply, (Docket No. 30),

IT IS HEREBY ORDERED that Defendant's Motion [22] is DENIED, without prejudice.

In so holding, the Court notes that the central dispute between the parties is whether the evidence is sufficient for the Court to find in favor of Defendant on its affirmative defense of judicial estoppel arguing that Plaintiff acted in bad faith when she failed to disclose her pending EEOC charge to the U.S. Bankruptcy Court for the Northern District of Ohio in her initial schedules in her Chapter 13 bankruptcy case and the amended schedules she later filed when her case was converted to a Chapter 7 bankruptcy. (Docket Nos. 23, 28, 30). At the initial case management conference, the Court ordered the parties to complete limited discovery on this defense and Plaintiff agreed to sit for a deposition addressing these issues. The record indicates

1

that Plaintiff was deposed on April 20, 2015 at which time she was examined with defense counsel utilizing five exhibits,[1] which she later supplemented to include a host of additional exhibits in response to document requests and answers to interrogatories served after the deposition during May of 2015. *Compare*, Def. Ex. A *with* Def. Ex. B. These additional exhibits include Plaintiff's intake questionnaire with the EEOC and an affidavit that she submitted in support of her EEOC Charge. (Def. Ex. B). She also produced handwritten notes and other correspondence with representatives of the EEOC, PHRC and Defendant outlining several contacts that she had with representatives regarding her discrimination complaints, including a few very near the time of her bankruptcy filings wherein she failed to disclose the existence of the administrative claims. (Def. Ex. B). Of course, these later-disclosed documents were not the subject of Plaintiff's examination by defense counsel at the deposition and she was also not noticed for a follow-up deposition. (*See* Docket No. 23). Hence, Plaintiff has not been provided with an opportunity to explain her position with respect to these documents upon which Defendant has relied in support of its motion for summary judgment.

The affirmative defense of "'[j]udicial estoppel is a fact-specific, equitable doctrine, applied at courts' discretion.'" *Semper v. Gomez*, 747 F.3d 229, 247 (3d Cir. 2014) (quoting *In re Kane*, 628 F.3d 631, 638 (3d Cir. 2010)). "It rests on the basic notion that, 'absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory.'" *Id.* Judicial estoppel has the following basic elements:

> First, the party to be estopped must have taken two positions that are irreconcilably inconsistent. Second, judicial estoppel is unwarranted unless the party changed his or her

---

[1] The five deposition exhibits are attached as Exhibit "A" in Defendant's Appendix and include: Ex. 1, EEOC Charge; Ex. 2, Complaint in CA 14-1632; Ex. 3, First Bankruptcy Docket; Ex. 4, Second Bankruptcy Docket; and Ex. 5, Notice of Conversion.

2

> position "in bad faith -i.e., with intent to play fast and loose with the court." Finally, a district court may not employ judicial estoppel unless it is "tailored to address the harm identified" and no lesser sanction would adequately remedy the damage done by the litigant's misconduct.

*Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 319 (3d Cir. 2003) (quoting *Montrose Medical Group Participating Savings Plan v. Bulger*, 243 F.3d 773, 779-780 (3d Cir. 2001)).

The parties here agree that the first element of judicial estoppel has been satisfied given that Plaintiff has taken two irreconcilable positions by failing to disclose her EEOC charge against Defendant to the Bankruptcy Court and is now pursuing those claims against Defendant in her present lawsuit. (Docket Nos. 23, 28, 30). As noted, their disputes largely surround the second element of bad faith. "[A] rebuttable inference of bad faith arises when averments in the pleadings demonstrate both knowledge of a claim and a motive to conceal that claim in the face of an affirmative duty to disclose." *Krystal Cadillac*, 337 F.3d at 321 (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416-418 (3d Cir. 1988)). Given this inference, the Court of Appeals held in *Montrose Medical Group Participating Savings Plan v. Bulger*, 243 F.3d 773, 780, n.5 (3d Cir. 2001), that a District Court may make a finding of bad faith based on the record evidence including deposition testimony and other documents of record and that it need not always conduct an evidentiary hearing before making such a finding. *Id.* at 780, n.5. However, the Court of Appeals also explained the following:

> First, a court considering the use of judicial estoppel should ensure that the party to be estopped has been given a meaningful opportunity to provide "an explanation" for its changed position. *Cleveland v. Policy Management Sys. Corp.*, 526 U.S. 795, 807, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999). Second, though a court may sometimes "discern" bad faith without holding an evidentiary hearing, it may not do so if the ultimate finding of bad faith cannot be reached without first resolving genuine disputes as to the

>underlying facts.

*Id.* These instructions also must be considered in light of the text of Rule 56 which permits the Court to deny or defer a ruling on a summary judgment motion in order to provide a moving party with an opportunity to properly support or address a fact and/or to give a non-moving party additional time to take discovery as to certain issues prior to the Court issuing a ruling. *See e.g.*, FED. R. CIV. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."); 56(e) ("[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … given an opportunity to properly support or address the fact."). It is also within the Court's discretion to grant the parties leave to reopen a deposition and continue the examination based upon the subsequent disclosure of additional documents. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii) (court may grant leave to reopen deposition if "the deponent has already been deposed in the case").

With that backdrop, it appears to the Court that the parties' legal disputes cannot be resolved at this time because the factual record has not been fully developed regarding the bad faith element of the judicial estoppel defense. (*See* Docket Nos. 23, 28, 30). To this end, Defendant argues that the Court should utilize the newly disclosed documents to show bad faith conduct by Plaintiff without having questioned her about these documents during the deposition. (*See* Docket Nos. 23, 30). On the other hand, Plaintiff counters that her general testimony provided without the benefit of these documents suffices to create a genuine dispute of material fact precluding summary judgment. (Docket No. 28). In this Court's estimation, the suggestions

4

of both parties would run counter to the Third Circuit's instructions in *Montrose Medical Group* that Plaintiff should be provided a meaningful opportunity to respond to the facts prior to the Court rendering a decision and also that the Court may be able to resolve the matter without a hearing if a full record is developed and there are no genuine disputes of material fact. 243 F.3d at 780, n.5. To the extent that Defendant requests that the Court schedule such a hearing at this time, to do so would undermine this Court's prior Order that the parties complete limited discovery on the judicial estoppel defense before litigating this motion for summary judgment.

Therefore, the Court will deny Defendant's Motion for Summary Judgment, without prejudice and direct the parties to fully complete limited discovery on the judicial estoppel defense. In this regard, the parties should proceed to reopen and continue Plaintiff's deposition so that she can testify regarding the later-disclosed exhibits noted above and she should answer any questions posed to her concerning same, particularly whether this newly disclosed evidence would cause her to change her answers to any of the inquiries made during the first session of the deposition.

IT IS FURTHER ORDERED that the parties shall meet and confer and establish a date and time for the continuation of Plaintiff's deposition at a mutually convenient time and place within the next 30 days. They shall file a Joint Status Report by **November 13, 2015** advising the Court of the date of the deposition and the length of time needed for this portion of the deposition to be fully transcribed. After this period of limited discovery is completed, the Court will conduct a status conference to revisit a scheduling order with the parties.

      *s/Nora Barry Fischer*
      Nora Barry Fischer
      United States District Judge

cc/ecf: All counsel of record.